**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenyatta BARNES, Defendant–
Appellant.**

No. 02–3488.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

*ORDER*

Kenyatta Barnes appeals her judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P.34(a).

Barnes pleaded guilty to one count of conspiracy to distribute over fifty grams of cocaine base in violation of 21 U.S.C. § 846. The district court sentenced Barnes to 121 months of imprisonment and

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

five years of supervised release. The district court allowed trial counsel to withdraw and appointed new counsel to represent Barnes.

On appeal, Barnes's counsel moves to withdraw and files a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Barnes has not responded to her counsel's motion to withdraw, despite being informed of her opportunity to do so.

Although believing the appeal to be without merit, counsel submits the following issue for review: whether the district court abused its discretion in denying Barnes's motion for a downward departure. This issue is without merit.

Our review of the record reveals that Barnes entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the plea hearing, the district court carefully reviewed with Barnes the provisions of the plea agreement, the rights she was waiving, and the maximum penalty she faced under the applicable statute, including the length of imprisonment and supervised release. After being informed of her rights and potential penalties, Barnes expressly acknowledged her guilt. Thus, the record reflects that Barnes understood the rights that she was waiving, and that she understood the potential penalties associated with her crime. There-

fore, the district court properly accepted Barnes's guilty plea.

Barnes's issue on appeal is meritless. Defendant claims that the district court abused its discretion in denying her motion for a downward departure. In the parties' negotiated plea agreement, the government agreed that if Barnes provided substantial assistance in the investigation or prosecution of others who had committed criminal offenses, that the United States would move the court pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1 for an appropriate downward departure. At sentencing, the government acknowledged Barnes's attempts to cooperate, but declined to move the court for a downward departure because Barnes offered nothing of value to the investigation or prosecution of others. Defense counsel moved the court for a § 5K1.1 reduction. The district court held that it had no authority to entertain a motion for a § 5K1.1 reduction filed by a defendant, and that even if it had such authority, there was nothing before the court that would authorized the granting of the motion.

The district court correctly concluded that it lacked authority to grant Barnes's motion for a downward departure pursuant to § 5K1.1. A district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. *Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Section 5K1.1 of the Sentencing Guidelines allows a sentencing court to depart from the guidelines if the government files a motion indicating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime. *See* USSG § 5K1.1. Courts may only review the government's refusal to file the motion to determine whether its decision was

based on unconstitutional motives. *United States v. Benjamin*, 138 F.3d 1069, 1073 (6th Cir.1998). The government's decision may not be reviewed for bad faith. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir.2000). Barnes does not assert that the government's failure to file a § 5K1.1 motion was based upon an unconstitutional motive, and an independent review of the record reveals no evidence that the government's failure to file a § 5K1.1 motion was so motivated.

The district court properly sentenced Barnes. The district court concluded, without objection from either party, that Barnes's criminal history category was II and that her total offense level was 31. A criminal history category of II and offense level of 31 yields a sentencing range of 121–151 months of imprisonment. The district court sentenced Barnes to the lowest possible term of imprisonment within the sentencing range.

Finally, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.